IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIANA MARSHALL, | * |
| *Plaintiff* | * |
| v. | * Civil Case No.: 10-cv-03587-RWT |
| AIMCO PROPERTY MANAGEMENT, | * |
| *Defendant* | * |

## MEMORANDUM OPINION

Plaintiff Kiana Marshall initiated this lawsuit against her former employer, Defendant AIMCO/Bethesda Holdings, Inc., in December of 2010. Plaintiff alleges unlawful discharge and harassment in violation of the Age Discrimination in Employment Act. On February 8, 2013, Defendant filed a motion to dismiss. For the reasons discussed below, the motion will be granted.

## FACTS

On April 25, 2008, Plaintiff, a pro se litigant, was discharged from her employment with AIMCO/Bethesda Holdings, Inc.[1] ECF No. 1 at 1-2. On June 12, 2008, Plaintiff filed a complaint with the Maryland Human Relations Commission. *See* ECF No. 1 at 3. On October 18, 2010, the United States Equal Employment Opportunity Commission ("E.E.O.C") sent

---

[1] While the complaint lists AIMCO Property Management as the defendant, it is clear from the record that the actual employer was AIMCO/Bethesda Holdings, Inc. *See* ECF No. 20 at 2.

Plaintiff a right to sue letter. ECF No. 1, Ex. 1. On December 23, 2010, within the requisite 90 days, the present action was filed. *See* 29 U.S.C. §626(e); ECF No.1.

The complaint alleges employment discrimination under the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, claiming that Plaintiff was discharged and harassed due to her age. ECF No. 1 at 1-3. Plaintiff asserts that she was "harassed" by a co-worker who had an aggressive and intimidating demeanor. *Id.* at 2. Plaintiff further claims that management permitted the harassment to continue, in violation of its existing policies and procedures, due to Plaintiff's age. *Id.* Plaintiff alleges that she was told to ignore the co-worker's behavior because Plaintiff "was the older party." *Id.* at 3.

On December 11, 2012, after Plaintiff had failed numerous times to properly serve Defendant, despite instructions from the Court, Defendant waived service. ECF No. 21. On February 25, 2013, Defendant moved to dismiss the case for failure to state a claim. ECF No. 23. Defendant asserts that Plaintiff has failed to allege a prima facie case for age discrimination, claiming that the complaint does not support a discriminatory discharge or harassment claim. *Id.* In her response, Plaintiff failed to address any of the issues raised in Defendant's motion. *See* ECF No. 25.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id*. at 679; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

## DISCUSSION

### I. Count I – Wrongful Termination

Under the ADEA, an employer cannot terminate or discriminate against an employee based on age. 29 U.S.C. § 623(a)(1). An age discrimination claim requires Plaintiff to allege that age played a role and was a determinative influence on an adverse employment decision. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 US. 133, 141 (2000). There are two ways to establish an age discrimination claim: (1) the *McDonnell Douglas* burden-shifting framework or (2) the "mixed motive" framework. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284-85 (4th Cir. 2004).

### A. *McDonnell Douglas* Framework

Under the *McDonnell Douglas* framework, Plaintiff must allege a prima facie case of discrimination. *Hill*, 354 F.3d at 285. Defendant may rebut Plaintiff's allegations by showing a legitimate, nondiscriminatory reason for the adverse employment action, which shifts the burden back to Plaintiff to show pretext. *Id.*

To establish a prima face case, Plaintiff must allege that (1) she is part of the protected class; (2) she was qualified for the job and her job performance met the employer's legitimate expectations; (3) she was discharged; and (4) after discharge, the position either remained open or was filled by a person substantially younger with similar qualifications. *Warch v. Ohio*, 435 F.3d 510, 513 (4th Cir. 2006); s*ee Hill*, 354 F.3d at 285 (noting that the fourth prong can be met if the position remains open).

Plaintiff has not alleged facts sufficient to establish a prima facie case. While Plaintiff has met the first prong, being at least forty-years of age at the time of discharge, she has failed to allege that she was 1) qualified for her position and 2) that the position remained opened or was filled by a younger person following her discharge. *See* 29 U.S.C. § 631(a); Reeves, 530 U.S. at 142 (holding that a plaintiff established the first prong because he was at least forty-years old at the time of termination). First, Plaintiff has not argued that she was qualified for her position or that she actually met her employer's expectations. *See Warch*, 435 F.3d at 514-15 (stating that a plaintiff must show that she was doing her job well enough and could not have been fired for inadequate performance); *Ruff v. Target Stores, Inc.*, 226 Fed. App'x 294, 301-02 (4th Cir. 2007) (stating that a plaintiff failed to establish a prima facie case because she did not show nor argue that she met the employer's expectations). The mere fact that Plaintiff had been hired for and was currently working in a particular position prior to her discharge does not demonstrate

that she was qualified for the position. *See Warch*, 435 F.3d at 514 (stating that it is possible to be qualified for a job when hired, and later fail to maintain the required qualifications). Second, Plaintiff has not alleged that after termination she was replaced by someone substantially younger[2] or that the position was left open. Accordingly, the asserted facts do not support an inference that Plaintiff was discriminatorily discharged under the *McDonnell Douglas* framework.

### B. Mixed Motive Framework

To establish discrimination under a mixed motive framework, Plaintiff must assert facts alleging that Defendant used age as a consideration in Plaintiff's discharge. *See Hill*, 354 F.3d at 285 (*citing Desert Palace Inc. v. Costa*, 539 U.S. 90, 99 (2003)). Direct evidence of discrimination is not needed under this framework. *Hill*, 354 F.3d at 286. To establish mixed-motive discrimination, Plaintiff must allege that the "protected trait [age] actually played a role in the employer's decision-making process and had a determinative influence on the outcome." *Id.* (citing *Reeves*, 530 U.S. at 141).

Plaintiff fails to allege that the discharge was due to age. *See Ruff*, 226 Fed. App'x at 304 (holding that the plaintiff did not meet mixed-motive framework because he could not establish that the employment decision was motivated by age). In fact, Plaintiff proffers no reason for her discharge; she merely indicates that Defendant did not follow its applicable harassment policies due to her age. *See* ECF No. 1 at 2-3. The supposed statement by management telling Plaintiff to ignore her co-worker because Plaintiff was older is not evidence of a discriminatory intent.

---

[2] Historically, this element was met by showing that the employee was replaced by someone outside of the class, but this element now can be met by showing that the replacement was substantially younger. *See Halperin*, 128 F.3d 191, 201 n.14 (4th Cir. 1998) (noting that the change occurred after the Supreme Court ruling in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996)); *see Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (stating that the forth prong can be met if the position is filled with someone substantially younger).

*See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 509, 511-12 (noting that the vice president's statement "there comes a time when we have to make way for younger people" was not evidence of age animus and that age related statements are not always biased). Moreover, Plaintiff offers no allegations regarding who terminated her or how Plaintiff's age actually influenced the termination decision. *See* ECF No. 1 at 2-3. In short, Plaintiff has completely failed to allege that she was terminated due to age under a mixed motives theory.

**II.     Count II – Harassment**

It appears that Plaintiff is attempting in her complaint to allege harassment in violation of the ADEA. To establish harassment based on age discrimination, Plaintiff must assert facts alleging that (1) she experienced "unwelcomed harassment"; (2) the harassment was based on her age; (3) she is forty-years of age or older; (4) "the harassment was sufficiently pervasive to alter the conditions of [her] employment and create an abusive atmosphere"; and (5) a basis exists to impose liability on the employer. *See Baqir v. Principi*, 434 F.3d 733, 475-76, 746 n.14 (4th Cir. 2006) (stating that it is generally recognized that age-based harassment is cognizable under the ADEA for parties at least forty-years of age).

Plaintiff has failed to allege facts in favor of finding a prima face case for harassment. Plaintiff may have met the first prong because she complained to her supervisor about the harassment. *See E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 314 (4th Cir. 2008) (holding that a plaintiff met the first element because he repeatedly wrote complaints to his supervisor and defended himself when the harassment occurred). However, Plaintiff has not met the second or fourth prongs. Plaintiff has not asserted that the harassment she endured from her co-worker was related to age animus. Rather, Plaintiff noted in a letter to the court that she believes the co-worker's harassing behavior was related to a new work environment. *See* ECF No. 1 at 2; ECF

No. 9 at 3. Thus, the purported "harassment" was not, by Plaintiff's own admission, related to age animus.

In addition, Plaintiff has not shown that the harassment was objectively abusive or altered her work environment. *See Sunbelt Rentals Inc.*, 521 F.3d at 315 (quoting *Oncale v. Sundowner Offshore Servs., Inc.* 523 U.S. 75, 81-82 (1998) (stating that "the plaintiff must demonstrate that the conduct was such that 'a reasonable person in the plaintiff's position' would have found the environment objectively hostile or abusive"). "Offhand comments . . . rude treatment by [coworkers] . . . [and] callous behavior by [one's] superiors . . . are not actionable." *Id.* at 315-16 (internal citations and quotations omitted). Plaintiff has failed to allege facts that support a harassment claim.

## **CONCLUSION**

A motion to dismiss may only be granted when the complaint fails to contain sufficient facts allowing a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678 (2009). Courts are generally more lenient with *pro se* litigants. However, even with a very generous reading of the complaint, Plaintiff has failed to allege facts supporting a claim of discriminatory discharge or harassment. Therefore, Defendant's motion to dismiss must be GRANTED.

A separate Order follows.

Date: June 24, 2013                                             /s/

                                                                                                        ROGER W. TITUS
                                                                                                    UNITED STATES DISTRICT JUDGE